UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McNEES #685766,

        Plaintiff,                                  Hon. Janet T. Neff

v.                                           Case No. 1:19-cv-121

GREGORY TORREY, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant's Motion for Partial Summary Judgment</u>.   (ECF No. 20).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

## BACKGROUND

In his complaint, Plaintiff makes the following allegations.   On March 9, 2018, Plaintiff was assigned to work in food services as a "vegan cook."   On two separate occasions in August and September 2018, Plaintiff was ordered to prepare food using unsanitary equipment.   Following this second occurrence, Plaintiff informed Torrey that he "would seek an intervention" with Torrey's supervisor.   Torrey was later directed by the Deputy Warden to "discontinue ordering his vegan cook(s) to use unsanitary equipment."   Torrey subsequently told Plaintiff, "you should not go over my head; I run food service and I will get rid of you."

Throughout October 2018, Torrey constantly criticized Plaintiff's performance, "seeking an excuse" to terminate Plaintiff from his position.   In early November, 2018, Torrey falsely charged

Plaintiff with theft.   As a result of this charge, Plaintiff was removed from his food service position, pending resolution of the misconduct charge.   On November 19, 2018, Plaintiff was found not guilty of the theft charge.   Torrey did not, however, return Plaintiff to his previous position as a cook, but instead assigned him to work as a server, a position with fewer hours and a lower rate of pay.

Plaintiff initiated this action asserting various claims alleges against Torrey and the MDOC. At this juncture, however, the only claims remaining are Plaintiff's retaliation claims against Defendant Torrey.   (ECF No. 4).   Specifically, the Court interprets Plaintiff's complaint as asserting two distinct retaliation claims: (1) Torrey falsely charged Plaintiff with theft, and (2) re-assigned Plaintiff to a lesser position in food service, for improper retaliatory purposes.   Defendant Torrey now moves for partial summary judgment on the ground that Plaintiff's latter claim, concerning his alleged reassignment to a lesser position, has not been properly exhausted.   Plaintiff has failed to respond to Defendant's motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.   The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).   Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.   In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof  faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).   Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).   The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a

-4-

grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration."   Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P.   If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance.   *Ibid.*   The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff.   *Id.* at ¶ V.   The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."   *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.   *Id.* at ¶ BB.   If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.   *Id.* at ¶ FF.   The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.   *Ibid.*

As noted above, Defendant does not challenge whether Plaintiff properly exhausted his claim that the issuance of the theft misconduct ticket constituted unlawful retaliation.   (ECF No. 21 at PageID.72).   Defendant does, however, argue that Plaintiff failed to properly exhaust his claim that Torrey's decision to reassign him to a lesser position, after being found not guilty of the misconduct charge, constituted unlawful retaliation.   Defendant has presented evidence demonstrating that while Plaintiff submitted a prison grievance regarding this matter, it was not asserted against Defendant Torrey.   (ECF No. 21-3 at PageID.86-90).   Plaintiff has presented no evidence in response to the present motion.   Because Defendant has met his burden on the question of exhaustion, the

-5-

undersigned recommends that Defendant's motion for partial summary judgment be granted and Plaintiff's claim that Defendant Torrey retaliated against him by refusing to reassign him to his previous position as a cook be dismissed for failure to exhaust administrative remedies.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Partial Summary Judgment, (ECF No. 20), be **granted**.  Specifically, the undersigned recommends that Plaintiff's claim that Defendant Torrey retaliated against him by refusing to reassign him to his previous position as a cook be dismissed for failure to exhaust administrative remedies.  The undersigned further recommends that Plaintiff's claim that the decision by Defendant Torrey to charge him with theft constituted unlawful retaliation go forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: October 17, 2019                      /s/ Ellen S. Carmody
                                             ELLEN S. CARMODY
                                             United States Magistrate Judge