UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McNEES #685766,

        Plaintiff,                             Hon. Janet T. Neff

v.                                    Case No. 1:19-cv-121

GREGORY TORREY, et al.,

        Defendants.

_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This matter is before the undersigned on remand pursuant to the January 17, 2020 Opinion and Order by Judge Neff (ECF No. 42) rejecting an October 17, 2019 Report and Recommendation (R&R) (ECF No. 29) because the R&R did not consider Plaintiff's response to the motion.[1]   (ECF No. 27.)   In accordance with the January 17, 2020 Opinion and Order, the undersigned has considered Plaintiff's response, as well as Defendant's post-remand reply (ECF No. 43).   Pursuant to 28 U.S.C. § 636(1)(B), the undersigned recommends that Defendant's Motion for Partial Summary Judgment for lack of exhaustion (ECF No. 20) be **denied**.

The details of Plaintiff's claims are more fully set forth in the R&R and will only be summarized herein as necessary for analysis.   In short, Plaintiff alleges that Defendant Torrey retaliated against Plaintiff by:   (1) falsely charging Plaintiff with theft, and (2) after Plaintiff was

---

[1]  After the R&R was issued, but before Judge Neff issued the January 17, 2020 Opinion and Order, the undersigned granted in part and denied in part Plaintiff's unopposed motion to supplement the complaint by permitting Plaintiff to add retaliation claims based on post-complaint events against Defendant Torrey and newly-added Defendants Vanwyck and Quigley.   (ECF No. 40.)

found not guilty on the misconduct ticket and reinstated to Food Service, assigning Plaintiff to a lesser position in food service and refusing to return him to his "vegan cook" position.

Two grievances are at issue in the instant motion, LCF-18-11-1133-17b (1133 Grievance) and LCF-18-11-1156-2z (1156 Grievance).

At Step I of the 1133 Grievance, Plaintiff alleged that Torrey (identified as "Tori") retaliated against him by filing a false misconduct ticket accusing Plaintiff of theft.   (ECF No. 21-3 at PageID.93.)   Plaintiff stated that he "fear[ed] further retaliation from [Torrey] and his staff." The respondent denied the grievance, noting that Plaintiff was found not guilty on the misconduct ticket and had been reinstated to Food Service; Defendant Torrey had been reminded about Policy Directive 03.02.130, which prohibits retaliation; and there was no finding of retaliation.   (*Id.*) Plaintiff filed a Step II appeal, in which he raised a new issue that Torrey was retaliating against him "once more by removing me from my possition [sic] as vegan cook . . . and [sticking] me on the line in the dining room."   (*Id.* at PageID.92.)   The Step II respondent denied the appeal, stating that the warden's office had reviewed the grievance and response and the "Step I response is supported at Step II."   (*Id.*)   Plaintiff filed a Step III appeal, stating that the respondent admitted to retaliation in the Step I grievance.   (*Id.*)   Plaintiff's appeal was denied at Step III.   The decision stated that "[u]pon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered."   (*Id.* at PageID.91.)

At Step I of the 1156 Grievance, Plaintiff indicated that he tried to resolve the issue with Assistant Food Director Vanwick.   His issue concerned Torrey's posting and filling of Plaintiff's "vegan cook" position before Plaintiff had a hearing on the misconduct ticket.   Plaintiff said that this violated Food Service policy.   (*Id.* at PageID.88.)   The respondent denied the grievance, noting that policy was followed, Plaintiff had been reassigned to Food Service with back pay, and the policy allowed the prisoner to be returned to his position but did not require that outcome.   (*Id.*

2

at PageID.89.)   Plaintiff filed a Step II appeal, which was denied because the "Step I response

[was] supported at Step II."   (*Id.* at PageID.87.)   Plaintiff appealed to Step III, stating that "[e]ven

though I beat the ticket, and found that F.S. Dir. [Torrey] lied on the ticket he can still punish me

for that ticket by not giving my possession [sic] back as vegan cook on first shift."   (*Id.* at

PageID.87.)   Plaintiff's Step III appeal was denied because "[u]pon examination it has been

determined that your issue was in fact considered, investigated, and a proper decision was

rendered."   (*Id.* at PageID.86.)

Defendant Torrey concedes that the 1133 Grievance exhausted Plaintiff's retaliatory-

misconduct-ticket claim, but he argues that the 1156 Grievance did not properly exhaust the issue

of Plaintiff not being returned to his former position because it was not directed at Torrey and did

not mention retaliation.   Plaintiff argues that Torrey's claim lacks merit because:   (1) the 1156

Grievance was considered on the merits at each step of the process, resulting in a waiver of any

procedural bar; (2) the 1133 Grievance sufficed to exhaust the failure-to-return claim; and (3)

Defendant Torrey mischaracterizes the 1156 Grievance.   (ECF No. 27 at PageID.116.)   Rather

than addressing Plaintiff's specific arguments, Defendant Torrey's reply continues to argue that

the 1156 Grievance was not directed at Torrey and did not allege retaliation.

Michigan Department of Corrections Policy Directive 03.02.130 (effective 07/09/07),

paragraph R, specifies the required content of a grievance:

> The issues should be stated briefly but concisely.   Information provided is to be
> limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where,
> why, how).   Dates, times, places, and names of all those involved in the issue being
> grieved are to be included.

A grievance need not "allege a specific legal theory or facts that correspond to all the required

elements of a particular legal theory" to satisfy the exhaustion requirement.   *Bell v. Konteh*, 450

F.3d 651, 654 (6th Cir. 2006) (quotation marks and citations omitted).   A prisoner complaining

of retaliation need not use the term "retaliation" in his grievance, but he must at least suggest some

retaliatory motive sufficient to place prison officials on notice that the prisoner is complaining of

retaliation. *See Doe v. Anderson*, No. 15-13852, 2017 WL 4684614, at *4 (E.D. Mich. Oct. 18,

2017); *Jackson v. Huss*, No. 1:14-CV-426, 2015 WL 5691026, at *7 (W.D. Mich. Sept. 28, 2015).

The 1133 Grievance, which specially alleged that Torrey "retaliated" against Plaintiff,

fulfills the exhaustion requirement. While Plaintiff's Step I grievance only referenced the

misconduct ticket as the act of retaliation, Plaintiff indicated that he "fear[ed] further retaliation."

At Step II, consistent with his "fear" addressed in his initiating grievance, Plaintiff stated that

Torrey retaliated again by not returning Plaintiff to his prior "vegan cook" position. Torrey's

alleged retaliatory act in Plaintiff's Step II grievance can thus be viewed as an extension of the

issue he raised at Step I. Even if Plaintiff's claim in his Step II appeal is considered a new issue,

the Step II grievance was considered on the merits and not rejected as procedurally barred for

adding a new issue. *See Alexander v. Huss*, No. 2:16-cv-209, 2017 WL 4158749, at *4 (W.D.

Mich. Aug. 30, 2017), *report and recommendation adopted*, 2017 WL 4119944 (W.D. Mich. Sept.

18, 2017) (concluding that new issues and defendants added at Step II were properly exhausted

because the grievance was decided on the merits and "not rejected for containing new issues or

additional prison officials"); *Gora v. Gelabert*, No. 1:08-cv-992, 2009 WL 3233849, at *7 (W.D.

Mich. Sept. 30, 2009) ("Because the MDOC did not reject the new claim during the Step III appeal,

the court will view this grievance as exhausted.").[2]

---

[2] Plaintiff cites the Sixth Circuit's unpublished order in *Holloway v. McLaren*, No. 15-2184, 2016 U.S. App. LEXIS 14644 (6th Cir. 2016), as supporting his position that he properly exhausted. *Holloway* is different because the plaintiff named a non-defendant in his Step I grievance but did not name any of the defendants he sued at any level of the grievance process. Here, Plaintiff named (or at least identified) Torrey at Step I of both grievances. *Holloway* is similar to the instant case, however, because Holloway added new issues at Step II, and the Step II and III appeals were addressed on the merits.

Alternatively, or in addition, the 1156 Grievance was properly exhausted. Although Defendant Torrey argues that the 1156 Grievance was not directed at Torrey, Plaintiff mentioned Torrey in his Step I grievance. Defendant Torrey is correct that the Step I grievance did not hint at retaliation, but Plaintiff's Step III appeal stated that Defendant Torrey was "still punish[ing]" Plaintiff by not returning Plaintiff to his "vegan cook" position. Even if Torrey's alleged retaliation was a new issue, the MDOC considered the appeal on the merits and did not reject it for raising a new issue. *See Newson v. Steele*, No. 09-10346, 2010 WL 3123295, at \*5 (E.D. Mich. July 1, 2010), *report and recommendation adopted*, 2010 WL 3123288 (E.D. Mich. Aug. 9, 2010) ("Plaintiff cannot raise a new issue in a grievance appeal and have it be deemed exhausted, unless the MDOC proceeded to address that new claim on the merits.").

For the foregoing reasons, the undersigned recommends that the Court **deny** Defendant's Motion for Partial Summary Judgment. (ECF No. 20.) If the Court adopts this Report and Recommendation, Plaintiff's retaliation claim against Torrey will proceed on both the alleged retaliatory misconduct ticket and the alleged retaliatory refusal to return Plaintiff to his prior Food Service position.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: February 28, 2020                                         /s/ Sally J. Berens
                                                                 SALLY J. BERENS
                                                                 U.S. Magistrate Judge