UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DAVID McNEES #685766,

    Plaintiff,

v

GREGORY TORREY, JOHN QUIGLEY
and JOSHUA VANWYCK,

    Defendants.

NO. 1:19-cv-121

HON. JANET T. NEFF

MAG. SALLY J. BERENS

---

| | |
|---|---|
| David Sloan McNees #685766<br>*Plaintiff in Pro Per*<br>Lakeland Correctional Facility<br>141 First Street<br>Coldwater, MI 49036 | Joseph Y. Ho (P77390)<br>Assistant Attorney General<br>Attorney for MDOC Defendants<br>  Torrey, Quigley & VanWyck<br>Michigan Dep't of Attorney General<br>MDOC Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>HoJ@michigan.gov |

/

**MDOC DEFENDANT TORREY'S OBJECTIONS TO
(#48) SUPPLEMENTAL REPORT & RECOMMENDATION**

    MDOC Defendant Gregory Torrey, through counsel, brings the following objections to the Magistrate Judge's February 28, 2020, Supplemental Report and Recommendation (R&R) (R. 48), on Torrey's motion for partial summary judgment, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR. 72.3(b):

**Objection No. 1: Torrey's motion should be dismissed as moot upon the filing of the Amended Complaint.**

    On January 3, 2020, the magistrate judge granted Plaintiff David McNees' motion to supplement his complaint and ordered that he file an amended complaint (R. 40); on January 16, 2020, McNees filed his amended complaint (R. 41). The

amended complaint supersedes the original complaint. *Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008). "Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." *Id.* Accordingly, this Court should deny Torrey's motion as moot.

**Objection No. 2: Grievance Number LCF-18-11-1156-2z did not exhaust any claims of retaliation against any individuals**

If this Court chooses to address the merits of Torrey's motion, Torrey object to the R&R's recommendation insofar as it recommends that the Court find that LCF-18-11-1156-2z exhausted McNees' claim that Torrey *retaliated* against him by refusing to reinstate him to his previous position, an claim not raised at Step I. The R&R acknowledges that McNees did not mention retaliation in Step I, but states that language in *Step III appeal* was sufficient to raise the issue of retaliation:

> Defendant Torrey is correct that the Step I grievance did not hint at retaliation, but Plaintiff's Step III appeal stated that Defendant Torrey was "still punish[ing]" Plaintiff by not returning Plaintiff to his "vegan cook" position.

It is undisputed that, in any the grievance filings and any steps, McNees did not allege that any individual engaged in "retaliation" or that any individual "retaliated" against him. Also, McNees did not allege what can reasonably understood as elements of a retaliation claim in any of the grievance filings. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394–95 (6th Cir. 1995) (holding that to establish a retaliation claim, plaintiff must demonstrate that: (1) he engaged in protected conduct, (2) the defendants took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that

conduct," and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct).  It is unclear to Torrey how McNees' vague allegation that Torrey was "still punish[ing]" McNees was sufficient to alert MDOC that McNees is alleging *retaliation* against Torrey.  The reasonable reading of grievance LCF-18-11-1156-2z is that McNees is requesting his job back, and not that is alleging that Torrey or anyone else is *retaliating* against him.  Moreover, the fact that McNees *specifically alleged* retaliation in grievance LCF-18-11-1133-17b (which McNees submitted before he submitted LCF-18-11-1156-2z) undermines the notion that McNees alleged retaliation in LCF-18-11-1156-2z.  Accordingly, the Court should reject the R&R insofar as it recommends that McNees sufficiently alleged retaliation in LCF-18-11-1156-2z.

## CONCLUSION AND RELIEF REQUESTED

For the reasons explained above, MDOC Defendant Torrey respectfully requests that the Court reject February 28, 2020, Report and Recommendation and dismiss Torrey's motion as moot.  If the Court chooses to address the merits of the Report and Recommendation, Torrey requests that the Court reject it insofar as it recommends that LCF-18-11-1156-2z exhausted administrative remedies for McNees' claim that MDOC personnel retaliated against him by failing to reinstate him to his previous position.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/Joseph Y. Ho*

3

|  |  |
|---|---|
|  | Joseph Y. Ho |
|  | Assistant Attorney General |
|  | Attorneys for MDOC Defendants |
|  | Michigan Dep't of Attorney General |
|  | MDOC Division |
|  | P.O. Box 30217 |
|  | Lansing, MI  48909 |
|  | (517) 335-3055 |
| Date:  March 31, 2020 | P77390 |

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on the 31st day of March 2020, I electronically filed *MDOC Defendants' Objection's to the February 28, 2020, Supplemental Report and Recommendation (R. 48)* together with this *Certificate of Service* with the Clerk of the Court using the ECF system, which will provide electronic copies to parties of record and a hard copy of *same* has been placed in First-Class Mail, postage paid, fully addressed to non-ECF recipients as follows:

David Sloan McNees #685766
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

|  |  |
|---|---|
|  | */s/ Joseph Y. Ho* |
|  | Joseph Y. Ho (P77390) |
|  | Assistant Attorney General |
|  | Attorneys for MDOC Defendants |
|  | MDOC Division |
|  | P.O. Box 30217 |
|  | Lansing, MI  48909 |
|  | (517) 335-3055 |
|  | hoj@michigan.gov |
| Date:  March 31, 2020 | P77390 |

4