UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED - GR
April 13, 2020 11:20 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns Scanned: ns 4/13/20

DAVID McNEES #685766
  Plaintiff,

v.

GREGORY TORREY, et al.,
  Defendants.

Case No. 1:19-cv-121
Hon. JANET T. NEFF
Mag. SALLY J. BERENS

| David McNees #685766<br>Plaintiff Pro Se<br>Lakeland Correctional Facility<br>141 First St.<br>Coldwater, MI 49036 | Joseph Y. Ho (P77390)<br>Assistant Attorney General<br>Attorney for MDOC Defendants<br>MI Dept. of Attorney General<br>MDOC Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055 |
|---|---|

PLAINTIFF'S RESPONSE TO MDOC DEFENDANTS' OBJECTIONS
TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

PROOF OF SERVICE

By: David McNees
David McNees #685766
Plaintiff Pro Se
Lakeland Correctional Facility
141 First St.
Coldwater, MI 49036

## I. Background

This is a civil rights action brought by a state prisoner acting pro se under 42 U.S.C. § 1983. Plaintiff, David McNees, alleges that while employed in the kitchen at the Lakeland Correctional Facility in Coldwater, Michigan, he was subjected to retaliatory actions for exercising Constitutionally protected rights by MDOC Defendants Gregory Torrey, the LCF Food Service Director; John Quigley, an LCF Food Service Supervisor, and; Joshua Van-Wyck, an LCF Food Service Supervisor, all of whom were Plaintiff's supervisors in the LCF Kitchen [ECF No. 41, Am. Comp.].

On August 15, 2019, Defendant Torrey filed Motion for Partial Summary Judgment Based on Failure to Exhaust [ECF No. 20]. Plaintiff timely responded [ECF No. 27]. While Defendant Torrey's motion for summary judgment was pending, Plaintiff filed an Amended Complaint [ECF No. 41]. Defendant Torrey was granted time to file a late Reply to Plaintiff's Response to his motion for summary judgment [ECF No. 42, Op. & Or., Page ID. 232-33], which he filed on January 24, 2020 [ECF No. 43]. On February 28, 2020, Magistrate Judge Sally J. Berens issued forth a Supplemental Report and Recommendation (R&R) [ECF No. 48], recommending that Defendant Torrey's Motion for Partial Summary Judgment be denied [id., Page ID. 242, 246]. On March 23, 2020, Defendant Torrey filed a belated motion for extension of time to file his objections to the R&R [ECF No. 49] — which the Court granted [ECF No. 52] — and filed his Objections to the R&R on March 31, 2020 [ECF No. 53]. Plaintiff now timely responds to Defendant's objections pursuant to Fed. R. Civ. P. 72(b)(2) and W.D. Mich. L. Civ. R. 72.3(b) (Review of case-dispositive motions).

## II. Standard of Review

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain exceptions, including "a motion ... for summary judgment." 28 U.S.C. § 636(b)(1)(A). "[A] judge

-1-

may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and submit to the court proposed findings of fact and recommendations for the disposition, by the judge of the court, of any motion excepted in subparagraph (A)..." 28 U.S.C. § 636 (b)(1)(B).

"Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b)(2) (Objections). "Any party may respond to another party's objections within fourteen (14) days after being served a copy thereof." W.D. Mich. L. Civ. R. 72.3(b) (Review of case-dispositive motions). "A judge of the court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72 (b)(3) (Resolving Objections).

Objections must be specific, and general objections do not suffice. <u>Frontier Ins. Co. v. Blaty</u>, 454 F.3d 590, 596-97 (6th Cir. 2006).

### III. Plaintiff's Response to Defendant's Objections

On February 28, 2020, Magistrate Judge Sally J. Berens issued forth a Supplemental Report and Recommendation [ECF No. 48] recommending that Defendant Torrey's Motion for Partial Summary Judgment [ECF No. 20] be denied [ECF No. 48, Page ID. 242, 246]. On March 23, 2020, Defendant Torrey filed a belated motion for enlargement of time within which to file his objections to the Magistrate Judge's R&R [ECF No. 49]. The Court granted the motion for enlargement in a Order dated March 24, 2020 [ECF No. 52], and on March 31, 2020, Defendant Torrey filed his objections to the Magistrate Judge's R&R [ECF No. 53].

Defendant Torrey raises two objections to the Magistrate Judge's Supple-

-2-

mental Report and Recommendation [ECF No. 53], first, (1) that Torrey's initial motion for partial summary judgment should be dismissed as moot because Plaintiff filed an amended complaint, and second, (2) that Plaintiff's second grievance regarding this matter — LCF-18-11-1156-22 — did not exhaust any claims of retaliation against any individuals. Correspondingly, Plaintiff responds the following:

1. Defendant Torrey argues that his motion for partial summary judgment [ECF No. 20] should be dismissed as moot because Plaintiff filed an amended complaint. [ECF No. 53, Page ID. 263-64].

Plaintiff responds that, first, this <u>argument</u> is not an <u>objection</u>. This is a completely new argument that has not even been placed before the Magistrate Judge and, therefore, raising the argument in the first instance on <u>objections</u> before the U.S. District Judge is improper and impermissible. The Court should also consider this argument waived because Defendant had the opportunity to raise the argument before the Magistrate Judge and failed to do so.

Plaintiff objected [ECF No. 34] to the first R&R [ECF No. 29] recommending to grant Defendant's motion for partial summary judgment [ECF No. 20] because the former Magistrate did not consider Plaintiffs' <u>timely</u> Response [ECF No. 27] to the motion for partial summary judgment. Defendant Torrey conceded in his Response to Plaintiffs' Objections [ECF No. 37] and asked for additional time to file Reply [ECF No. 43] to Plaintiffs' Response to Defendant Torrey's Motion for Summary Judgment [ECF No. 27]. This Court rejected the first R&R in an Opinion and Order dated January 17, 2020 [ECF No. 42], remanded the matter to reassigned Magistrate Judge Sally J. Berens, and provided Defendant Torrey seven (7) days within which to file a late Reply to Plaintiff's Response to Defendant Torrey's Motion for Partial Summary Judgment [ECF No. 42, Page ID. 232-33]. On January 24, 2020, Defendant Torrey filed his Reply to Plaintiff's Response

-3-

[ECF No. 43], and nowhere within his Reply did Defendant Torrey raise the argument of mootness. This Reply [ECF No. 43] was filed _well after_ Plaintiff had filed his amended complaint [ECF No. 41] on January 16, 2020, yet Defendant did not choose to place his mootness argument before the Magistrate when he had the opportunity to do so. Accordingly, the Court should overrule Defendant's first objection as being an improper _argument_ and not an _objection_ at all.

Secondly, and in any case, Defendant's mootness argument is without merit. A case, or a point, is moot when the legal dispute between the plaintiff and defendant has been resolved for practical purposes or ceases to exist - i.e., when there is no longer a "live" case or controversy. Mootness is established only if "(1) it can be said with assurance that 'there is no reasonable expectation...' that the alleged violation will reoccur... and (2) interim relief or events have completely and irrevocably eradicated the effects of the violation." _County of Los Angeles v. Davis_, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979) (citations omitted); accord _Parents Involved in Community Schools v. Seattle School Dist. No. 1_, 551 U.S. 701, 719, 127 S.Ct. 2738, 168 L.Ed.2d 508 (2007).

In this case, Plaintiff moved the Court to _Supplement_ the complaint with _new_ events that happened after the filing of the original complaint [See ECF No. 30, 31, 31-1]. The Court granted Plaintiff's motion to supplement with regard to additional retaliation claims [ECF No. 40, Page ID. 201], but ordered that Plaintiff file an amended complaint [id.], presumably to preserve coherency. The amended complaint [ECF No. 41] contains the exact same allegations against Defendant Torrey as the original complaint (but adds Defendants and allegations of later retaliation by these Defendants in the LCF Kitchen), with the exception of new allegations which arose after the filing of the original complaint. Were the Court to dismiss Defendant's motion as moot (which it is not), Defendant could simply refile the

-4-

same argument (with the unfair benefit of refinement in hindsight, considering the proceedings already had on this matter), which would prejudice Plaintiff in having to defend against it a second time and, in the process, waste scarce judicial resources having to deal with the same matter twice. Thus, there is a high likelihood that this same subject matter would be right back before the Court and it cannot be said with assurance not to be repeated — and where the controversy has not been completely and irrevocably eradicated — a "live" case or controversy still remains, thus the Court should not dismiss it as moot. See <u>Los Angeles</u> v. <u>Davis</u>, <u>supra.</u>, <u>Parents</u>, <u>supra.</u>, <u>Washington</u> v. <u>Harper</u>, 494 U.S. 210, 218-19.

For the above reasons, this Honorable Court should overrule Defendant Torrey's first objection as being an improper, waived ~~argument~~ <u>argument</u>, not an <u>objection</u>, and because it is without merit.

2. Defendant Torrey's second objection is not an objection either, but a blatant rehashing of the arguments contained in his motion for summary judgment [See ECF No. 20, 21] and his Reply to Plaintiff's Response [ECF No. 43]. In any event, this objection should also be overruled because it is without merit.

Defendant contends that: "It is unclear to Torrey how McNees' vague allegations that Torrey was 'still punish[ing]' McNees was sufficient to alert MDOC that McNees is alleging <u>retaliation</u> against Torrey." [ECF No. 53, Page ID. 265]. Obviously, if Plaintiff's first grievance, LCF-18-11-1133-17b, specifically alleged "retaliation" against Torrey, and his second grievance, LCF-18-11-1156-27, alleged that Torrey is "still punish[ing]" McNees; wouldn't it be clear to a reasonable person that this second grievance alleged <u>continuing</u> retaliation? Plaintiff submits that <u>it</u> would. As the Magistrate Judge noted in her Supplemental Report and Recommendation:

-5-

A grievance need not "allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory" to satisfy the exhaustion requirement. Bell v. Konteh, 450 F.3d 651, 654 (6th Cir. 2006)(quotation marks and citations omitted). A prisoner complaining of retaliation need not use the term "retaliation" in his grievance, but he must at least suggest some retaliatory motive sufficient to place prison officials on notice that the prisoner is complaining of retaliation. [ECF No. 48, Page ID. 244-45 (citations omitted)].

As the Magistrate found, Plaintiff's grievance was more than sufficient under the circumstances, Defendant waived any claimed error in the grievance by failing to raise such during the administrative process, and Defendant's objection is nothing but a veiled reargument of his rejected position in the guise of an objection. This Honorable Court should overrule the objection as meritless.

## IV. Relief Sought

WHEREFORE the foregoing reasons, Plaintiff would Respectfully Request that this Honorable Court OVERRULE Defendant Torrey's objections, adopt the Magistrate Judge's R+R in whole, and DENY Defendant Torrey's motion for Partial Summary Judgment, or grant any other or further relief the Court deems appropriate.

Respectfully Submitted,

Dated: 4/8/20   Signed: David McNees

David McNees #685766
Plaintiff Pro Se
Lakeland Correctional Facility
141 First St.
Coldwater, MI 49036

- 6 -

685766
Lakeland Correctional Facility
141 First street
Coldwater, MI- 49036

Office of the Clerk:
UNITED STATES DISTRICT COURT
399 Federal Building
110 Michigan N.W.
GRAND RAPIDS, MICHIGAN 49503-23