UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McNEES #685766,

    Plaintiff,   Hon. Janet T. Neff

v.   Case No. 1:19-cv-121

GREGORY TORREY, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION
AND ORDER**

This matter is before me on the MDOC Defendants' Motion for Partial Summary Judgment, for an Evidentiary Hearing, and to Stay Non-Exhaustion Discovery. (ECF No. 67.) Plaintiff has filed a response (ECF No. 69), and Defendants have filed a reply (ECF No. 72).

For the reasons that follow, the motion to stay is **DENIED AS MOOT**. Furthermore, pursuant to 28 U.S.C. § 636(1)(B), I recommend that Defendants' request for an evidentiary hearing be **DENIED** and that their request for partial summary judgment be **GRANTED IN PART AND DENIED IN PART**.

**I.   Motion to Stay Non-Exhaustion Discovery**

Defendants filed the instant motion on October 2, 2020, combining all dispositive and non-dispositive requests into a single motion. Pursuant to the Court's June 17, 2020 Order, discovery was to be completed by December 5, 2020. (ECF No. 63.) Because the motion was not fully briefed until December 8, 2020, the discovery deadline had already expired. Accordingly, the motion to stay is **DENIED AS MOOT**.

## II. Request for an Evidentiary Hearing

On February 28, 2020, I issued a Supplemental Report and Recommendation (SRR) recommending that the Court deny Defendant Torrey's motion for partial summary judgment for lack of exhaustion. (ECF No. 48.) Two grievances were at issue in that motion, LCF-18-11-1133-17b (1133 Grievance) and LCF-18-11-1156-2z (1156 Grievance). The specific issue was whether either grievance exhausted Plaintiff's retaliation claim based on not being returned to his vegan cook position at Lake Correctional Facility (LCF) after he was found not guilty on the misconduct ticket that Defendant Torrey wrote. (*Id.* at PageID.244.) The SRR concluded that the 1133 Grievance exhausted the failure-to-return claim because Plaintiff raised the issue in his Step II appeal, and the grievance was considered on the merits and not rejected as procedurally barred for adding a new issue. (*Id.* at PageID.245.) The SRR also concluded that the 1156 Grievance exhausted the claim because Plaintiff's Step III appeal raised the issue, and the MDOC considered it on the merits and did not reject it for raising a new issue. (*Id.* at PageID.246.)

Defendant Torrey filed objections to the SRR, arguing, among other things, that the 1156 Grievance did not exhaust Plaintiff's retaliation claim based on a failure-to-return.[1] (ECF No. 53 at PageID.264–65.) Defendant Torrey did not take issue with the SRR's conclusion that the 1133 Grievance also exhausted the claim.

On April 27, 2020, the Court entered an Opinion and Order adopting the SRR. (ECF No. 57.) Regarding the 1156 Grievance, the Court stated:

> Second, Defendant Torrey also objects to the Report and Recommendation "insofar as it recommends that the Court find that LCF-18-11-1156-2z exhausted McNees' claim that Torrey retaliated against him" (Obj., ECF No. 53 at PageID.264). According to Defendant Torrey, Plaintiff's vague allegation that Torrey was "still punish[ing]" him was insufficient to alert MDOC that Plaintiff was alleging retaliation against Torrey (*id.* at PageID.264-265). Defendant Torrey's objection is

---

[1] The Court granted Defendant Torrey an additional two weeks to file objections to the SRR. (ECF No. 52.)

> misplaced. The Magistrate Judge thoroughly considered Defendant Torrey's argument and Plaintiff's response under the controlling policy directives and case law (Supp. R&R, ECF No. 48 at PageID.243-246). The Magistrate Judge concluded that "[e]ven if Torrey's alleged retaliation was a new issue, the MDOC considered the appeal on the merits and did not reject it for raising a new issue" (*id.* at PageID.246 [emphasis added]). Defendant Torrey's objection does not address—let alone refute—the Magistrate Judge's conclusion. This objection is therefore also properly denied.

(*Id.* at PageID.280–81.) Thus, the Court concluded that Plaintiff properly exhausted his claim and denied Defendant Torrey's motion. (*Id.* at PageID.281.)

Defendant Torrey argues that the Court should hold a bench trial with regard to the 1156 Grievance, and in support of that argument, he presents affidavits from LCF Grievance Coordinator Jennifer Rohrig and MDOC Grievance Section Manager Richard Russell, who state that the 1156 Grievance did not exhaust Plaintiff's failure-to-return claim against Defendant Torrey. (ECF No. 68-5 at PageID.378; ECF No. 68-6 at PageID.407.) Defendant Torrey argues that pursuant to *Lee v. Willey*, 789 F.3d 673 (6th Cir. 2015), "it is in the interest of judicial efficiency to resolve the dispute in a bench trial." (ECF No. 68 at PageID.328.)

The request for a bench trial is, in effect, a motion for reconsideration pursuant to Local Civil Rule 7.4(a). Neither the Court's April 27, 2020 Opinion and Order nor the SRR determined that a genuine issue of material fact remained, warranting a bench trial/evidentiary hearing. Although Defendant Torrey argues that the Court simply held that he failed to meet his burden on summary judgment, the Court concluded that Plaintiff had properly exhausted his claim. A motion for reconsideration is not a proper vehicle "to introduce new evidence that could have been introduced during the pendency of the underlying motion." *Washington v. City of Detroit*, No. 05-CV-72433-DT, 2007 WL 2026421, at *1 (E.D. Mich. July 10, 2007); *see also McKinnon v. L-3 Commc'ns*, 814 F. App'x 35, 50 (6th Cir. 2020) (the district court's denial of the plaintiff's motion for reconsideration was not an abuse of discretion because the evidence was available to the

3

plaintiff prior to the court's summary judgment ruling but the plaintiff chose not to present it). Here, Defendant Torrey had ample opportunity to present the Rohrig and Russell affidavits in connection with his objections to the SRR. It is well established that a district court has discretion to consider new evidence when ruling on an objection to a report and recommendation. 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); *see Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009) (noting that the district court failed to exercise its discretion when it rejected an affidavit on the ground that it had not been presented to the magistrate judge). Because Defendant Torrey failed to present the Rohrig and Russell affidavits when he submitted his objections to the SRR, I recommend that the Court deny his request for a bench trial.

### III. Motion for Partial Summary Judgment

This portion of the motion requests that the Court grant summary judgment on Plaintiff's post-complaint claims against Defendants Torrey, Quigley, and VanWyck for lack of exhaustion. On January 3, 2020, the Court granted Plaintiff's motion to supplement his complaint to add a new retaliation claim against Defendant Torrey and to add retaliation claims against new Defendants Quigley and VanWyck. (ECF No. 40.) In his supplemented complaint, Plaintiff alleges that after he was returned to his previous vegan cook position on March 5, 2019, Defendants Torrey and Quigley conspired to retaliate against him by portraying him in a negative light, reducing his pay and setting him up for a future termination. (ECF No. 41 at PageID.207–08.) Plaintiff alleges that on June 5, 2019, Defendant Quigley completed a work evaluation for Plaintiff, assigning an average score of 32. The evaluation also stated, "Just focus on keeping the vegan room food code compliant." (*Id.* at PageID.206–07.) Plaintiff further alleges that on June 20, 2019, Defendant

4

Torrey completed another work evaluation for Plaintiff, assigning a below average score of 17, which resulted in Plaintiff's pay being reduced to entry level with 30 days of conditional employment. (*Id.* at PageID.207.) Plaintiff further alleges that Defendant VanWyck, at Torrey's direction, issued Plaintiff a false Class II misconduct ticket on August 21, 2019. Plaintiff alleges that two hearings were held on the misconduct ticket and the charges were dismissed both times. (*Id.* at PageID.208–11.)

### A. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting

*Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

    **B.    Discussion**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit with respect to prison conditions under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedure for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of Internal Affairs." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ Q (effective 03/18/2019). If this attempt is unsuccessful (or is inapplicable), the prisoner may submit

a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* The issues asserted in a grievance "should be stated briefly but concisely," and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ S.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within 10 business days of the response, or if no response was received, 10 business days after the response was due. *Id.* at ¶ DD. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ HH. The Step III grievance must be submitted within 10 business days after receiving the Step II response, or if no Step II response was received, within 10 business days after the date the Step II response was due. *Id.*

### 1. **Defendant Quigley**

There is no evidence in the record that Plaintiff exhausted a grievance against Defendant Quigley. Grievance LCF-19-07-0649-28B (0649 Grievance), the only grievance that Plaintiff filed after he filed his complaint in this case, refers to Defendant Torrey, not Defendant Quigley. Accordingly, Plaintiff failed to exhaust a grievance against Defendant Quigley. Thus, Plaintiff's claim against Defendant Quigley should be dismissed without prejudice.

### 2. **Defendant VanWyck**

As noted, Plaintiff alleges that Defendant VanWyck wrote a false Class II misconduct ticket against Plaintiff. In general, a Michigan prisoner seeking to exhaust his administrative remedies must comply with MDOC Policy Directive 03.02.130, as set forth above. *See Williams v. Washington*, No. 2:18-cv-144, 2019 WL 4722704, at *3–4 (W.D. Mich. June 12, 2019); *Smith v. Goulet*, No. 1:17-CV-618, 2018 WL 3688468, at *2 (W.D. Mich. Aug. 3, 2018). Certain matters, however, such as decisions made in misconduct hearings, are non-grievable. Mich. Dep't of Corr.

7

Policy Directive 03.02.130 ¶ J.9, 10. In addition, pursuant to Michigan law, "[a] prisoner aggrieved by a final decision or order of a hearings officer shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." M.C.L. § 791.255(1); *see also* Mich. Dep't of Corr. Policy Directive 03.03.105 (effective 07/01/2018) ¶ UUU (providing for appeal of a class II misconduct hearing officer's decision).

In *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011), the Sixth Circuit confirmed that claims concerning decisions made in the misconduct hearing process must be exhausted through that process, not the prison grievance procedure. *See Smith*, 2018 WL 3688468 at *2 (noting that "decisions made in hearings conducted by the office of policy and hearings, hearings and appeals division, and minor misconduct hearings are nongrievable" and that prisoners must raise issues concerning misconduct tickets in the misconduct hearing). Following *Siggers*, courts in both this district and the Eastern District of Michigan have concluded that, in order to exhaust a retaliatory misconduct ticket claim properly, the prisoner must raise that claim at the misconduct hearing and, if unsuccessful, in a motion or application for rehearing or in an appeal. *See, e.g., Rush v. Newcomb*, No. 2:18-cv23, 2019 WL 3755967, at *6 (W.D. Mich. May 24, 2019), *report and recommendation adopted*, 2019 WL 3733846 (W.D. Mich. Aug. 8, 2019) (concluding that the plaintiff failed to exhaust because he "failed to assert any fact that could support a claim of retaliatory action at the time of his misconduct hearing, and he did not petition to reopen his hearing"); *Ayotte v. Stemen*, No. 15-13826, 2019 WL 2219739, at *5 (E.D. Mich. Feb. 27, 2019), *report and recommendation adopted* 2019 WL 1349607 (E.D. Mich. Mar. 26, 2019) (noting that pursuant to *Siggers*, a prisoner "must argue that his receipt of a misconduct ticket was based on conspiracy or retaliation during the first misconduct hearing" and then must file a motion or application for rehearing if unsuccessful); *Harris-Bey v. Alcodray*, No. 16-12666, 2017 WL

8

3124328, at *4 (E.D. Mich. July 24, 2017) (concluding that the plaintiff failed to properly exhaust because he "did not allege retaliation at his misconduct hearing and, additionally, he did not appeal the finding of guilt following that hearing as required by MDOC Policy Directive 03.03.150 at VVV"); *Alexander v. Ojala*, No. 2:16-cv-85, 2016 WL 6662559, at *3 (W.D. Mich. Sept. 23, 2016), *report and recommendation adopted*, 2016 WL 6659133 (W.D. Mich. Nov. 10, 2016) ("Plaintiff could only exhaust the claim that he was given a retaliatory misconduct ticket by asserting this claim during his misconduct hearing.").

Defendants argue that summary judgment is proper on Plaintiff's false-misconduct retaliation claim because he failed to allege in the misconduct hearings that the misconduct was retaliatory. In support of this argument, Defendants present affidavits from Lt. Christianna Borst, the hearing officer for the August 31, 2019 misconduct hearing, and Lt. Christina Tagett, the hearing officer for the October 2, 2019 misconduct hearing. (ECF Nos. 68-7, 68-8.) Both affiants testified that they do not recall Plaintiff raising the issue of retaliation during the hearing, but if he had done so, they would have included such comments in the misconduct hearing report. (ECF No. 68-7 at PageID.422–23; ECF No. 68-8 at PageID.426–27.) Plaintiff, on the other hand, submits a declaration in which he asserts that he alleged retaliation at the August 31, 2019 hearing before Lt. Borst and the October 2, 2019 re-hearing before Lt. Tagett. (ECF No. 69-1 at PageID.481–82.) Given Plaintiff's declaration, a genuine issue of material fact remains as to whether Plaintiff exhausted his false misconduct retaliation claim by raising the issue of retaliation in the misconduct hearings. *See Tucker v. Skytta*, No. 2:19-cv-235. 2021 WL 118169, at *2 (W.D. Mich. Jan. 13, 2021) ("A genuine dispute of material fact exists – and summary judgment is therefore inappropriate – where a prisoner's affidavit that he raised the issue of retaliation at a misconduct hearing is at odds with the hearing report.") (citing *Alexander*, 2016 WL 6662559, at *3). Moreover, because Plaintiff was found not guilty in the misconduct hearings by the hearing

officers, he was not required to raise retaliation in an appeal. *See Dykes v. Fuller*, No. 18-11528, 2019 WL 6170868, at *2 (E.D. Mich. Aug. 7, 2019), *report and recommendation adopted*, 2019 WL 4744433 (E.D. Mich. Sept. 30, 2019) (because the plaintiff was found not guilty by the hearing officer, he had no right or reason to exhaust his claim through a rehearing or appeal). Accordingly, I recommend that Defendants' motion be denied with regard to the false-misconduct claim against Defendant VanWyck.

        3.        **Defendant Torrey**

Plaintiff filed the 0649 Grievance on July 5, 2019, which was received by the prison on July 9, 2019. (ECF No. 68-4 at PageID.356.) In that grievance, Plaintiff complained that Defendant Torrey retaliated against him for the lawsuit he had filed by writing a bad work report for Plaintiff on June 20, 2019. (ECF No. 68-4.) Grievance Coordinator Rohrig rejected the grievance on July 9, 2019, as being vague and untimely. (*Id.*) Plaintiff appealed the rejection, and it was upheld at Steps II and III.

Defendant Torrey argues that because the 0649 Grievance was rejected at all three steps, Plaintiff failed to properly exhaust his claim. In support of this argument, Defendant Torrey cites Rohrig's affidavit, in which she explains that the work evaluation was issued on June 20, 2019, but Plaintiff stated in this grievance that he did not receive the work on that date and that he returned to work on June 23, 2019. (ECF No. 68-5 at PageID.378.) Rohrig further notes that the Step I form she received did not state the date that Plaintiff attempted to resolve the issue with Defendant Torrey. She states that she calculated the due date of the Step I grievance using June 20, 2019, and June 23, 2019—the date Torrey issued the work report and the date Plaintiff claims he returned to work. Rohrig states that if June 20, 2019, was the incident date, Plaintiff had to submit the grievance by July 1, 2019, and if it was June 23, 2019, Plaintiff had to submit the grievance by July 2, 2019 (seven business days after the date of the incident being grieved). (*Id.*)

Rohrig states that because the grievance was received on July 9, 2019, she rejected it as untimely. (*Id.* at PageID.379.) In addition, she rejected it as vague because the date on which Plaintiff attempted to resolve the issue was not clear. (*Id.*)

In response, Plaintiff states in his declaration that he received the June 20, 2019 work report on June 28, 2019, in the institutional mail. Thus, the date listed on the Step I form as the "Date of Incident"—June 28, 2019—reflects the date he first received the work report. (ECF No. 69-1 at PageID.479.) Plaintiff states that he attempted to speak with Defendant Torrey about the work report the day he received it, but Defendant VanWyck told Plaintiff that Defendant Torrey was still on vacation, and he refused to tell Plaintiff when Defendant Torrey would return. Plaintiff further states that Defendant VanWyck refused to discuss the work report and told Plaintiff to "take it up with Torrey." (*Id.*) Plaintiff states that, although he waited for Defendant Torrey to return from vacation so that he could speak to him about the issue before filing a grievance, Defendant Torrey did not return before the grievance was due. Therefore, Plaintiff says, he wrote the grievance and deposited in his housing unit's mail receptacle on Friday, July 5, 2019, for delivery on the same date. (*Id.*)

Policy Directive 03.02.130 provides that the grievance coordinator may reject a grievance if "[i]t is vague, illegible, or contains multiple unrelated issues," or if it is "filed in an untimely manner." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ J.1, 5. In addition, "[t]he grievance shall not be rejected if there is a valid reason for the delay." *Id.* ¶ J.5. Here, as Rohrig impliedly acknowledges in her affidavit, there was nothing vague about the substance of the grievance. It contained the "who, what, when, where, why, [and] how" of the issue being grieved. *Id.* ¶ Plaintiff alleged that Defendant Torrey retaliated against him for filing a lawsuit when he issued the bad work report on June 20, 2019. The only question was when Plaintiff received the bad report and when he attempted to resolve the issue with Defendant Torrey. Although Plaintiff's Step I

11

grievance apparently did not state the date on which he attempted to resolve the issue,[2] Plaintiff listed the date of the incident as June 28, 2019, and stated that he tried to speak with Torrey the same date that he received the bad work report but that Torrey was on vacation. Although Plaintiff referenced June 20, 2019, in the body of the grievance, he indicates only that he did not receive the "write up" before he left work that morning. He also stated that he returned to work on June 23, 2019, but he did not indicate that he received the work report that day. Rather, he said that "Torrey was on vacation and I dont [sic] know when he will return." (ECF No. 68-4 at PageID.356.) Plaintiff has shown in his declaration that the true date of the incident was the date listed in his Step I grievance—June 28, 2019—which triggered Plaintiff's obligation to attempt to resolve the issue with Defendant Torrey within two business days and to file his Step I grievance within five business days thereafter. Plaintiff's delay, if any, in submitting the grievance because Torrey was on vacation was consistent with the spirit of the MDOC's grievance policy, which encourages prisoners to attempt to resolve the issue with staff before filing a grievance. Moreover, Defendant Torrey does not argue that Plaintiff's grievance was untimely if the date of the incident was, in fact, June 28, 2019.

While a court should exercise restraint in inserting itself in a prison's grievance process, "courts are not obligated to simply disregard errors or mistakes in the enforcement or application of prison grievance policies." *Salami v. Sperling*, No. 1:20cv541, 2020 WL 7699832, at *3 (W.D. Mich. Nov. 19, 2020), *report and recommendation adopted*, 2020 WL 7237276 (W.D. Mich. Dec. 9, 2020) (citing *Burnett v. Walsh*, 2020 WL 3716555 at *3-4 (E.D. Mich., June 15, 2020), and *Ashley v. Boayue*, 2020 WL 5985203 at *5-6 (E.D. Mich., Feb. 18, 2020)). Here, Plaintiff has

---

[2] The Step I form that Rohrig attached to her affidavit does not contain the date on which Plaintiff attempted to resolve the issue (ECF No. 68-5 at PageID.400), while the Step I form included with Plaintiff's Step III Report attached to Defendants' brief contains a date of June 28, 2019 (ECF No. 68-4 at PageID.356).

shown that his Step I grievance was not untimely and, even if it was, Defendant Torrey's absence, which prevented Plaintiff from attempting to resolve the issue, was a valid reason for the delay. *See Wayne v. Heyns*, No. 13-14495, 2015 WL 736329, at *6 (E.D. Mich. Feb. 20, 2015) ("The Court cannot discern what more Plaintiff could have done to comply with PD 03.02.130; it appears that Plaintiff followed the applicable grievance procedures. Therefore, even though the MDOC rejected Plaintiff's Step I grievance as vague, the undersigned finds that Plaintiff's efforts to exhaust his administrative remedies were sufficient under the circumstances.").

Accordingly, I recommend that Defendants' motion be denied with regard to this claim because Defendant Torrey has not carried his burden of demonstrating that he is entitled to summary judgment.

### IV. Conclusion

In sum, Defendants' motion to stay non-exhaustion discovery is **DENIED AS MOOT**; and it is **RECOMMENDED** that the Court **DENY** the MDOC Defendants' motion for an evidentiary hearing and **GRANT IN PART AND DENY IN PART** the MDOC Defendants' motion for partial summary judgment based on Plaintiff's failure to exhaust as follows: (1) grant the motion with regard to the claim against Defendant Quigley and dismiss that claim without prejudice; and (2) deny the motion as to the claims against Defendants Torrey and VanWyck.

Dated: March 4, 2021     /s/ Sally J. Berens
                         SALLY J. BERENS
                         U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).