UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SLOAN MCNEES,

    Plaintiff,

v.

    Case No. 1:19-cv-121

GREGORY TORREY, et al.,

    HON. JANET T. NEFF

    Defendants.
_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving four retaliation claims against two Defendants.[1]  Defendants filed a motion for summary judgment (ECF No. 83).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R. & R.), recommending that the Court grant in part and deny in part Defendants' motion (ECF No. 95).  Plaintiff filed objections, (ECF No. 96) and Defendants responded (ECF No. 98).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

Plaintiff makes three objections to the R. & R.  He first argues that the Magistrate Judge erred in recommending that the Court dismiss Plaintiff's claim that Defendant Torrey issued a

---

[1] Although the parties identified three retaliation claims in the underlying briefing, the Magistrate Judge divided the first retaliation claim into two separate claims (ECF No. 95 at PageID.712).

retaliatory misconduct ticket in November 2018. Defendant Torrey wrote the misconduct ticket for possession of stolen property/theft because Plaintiff was drinking milk in the religious kitchen. At the misconduct hearing, the hearing officer found Plaintiff not guilty because Plaintiff was drinking orange juice instead of milk. In the R. & R., the Magistrate Judge determined that Defendant Torrey had presented sufficient evidence to establish that he would have taken the same action regardless of Plaintiff's protected conduct:

> [T]he LCF Food Service Orientation Manual "strictly prohibit[s]" eating and drinking in the food preparation and other areas. (ECF No. 84-9.) Torrey asserts that regardless of whether Plaintiff was drinking orange juice (rather than milk, as he had believed), Plaintiff still violated policy and was not authorized to be drinking orange juice in the religious kitchen, thus providing a non-retaliatory basis for issuing the misconduct ticket. Plaintiff provides no evidence to rebut this assertion, nor does he address it in his response.

(ECF No. 95 at PageID.714).

Plaintiff does not dispute that he possessed orange juice in the religious kitchen. Instead, he argues that he was not on "notice that eating or drinking [would] result in disciplinary action." (ECF No. 96 at PageID.721). In response, Defendants have identified three provisions in the MDOC Policy that establish possessing food in an unauthorized area is a misconduct violation. (ECF No. 98 at PageID.729 (citing MDOC Policy Directive 03.03.105)). Thus, Plaintiff's argument that he was not on notice is without merit. Furthermore, Plaintiff fails to demonstrate any factual or legal error in the Magistrate Judge's analysis of this claim. Therefore, Plaintiff's first objection is denied.

In his second objection, Plaintiff argues that the Magistrate Judge erred in recommending that the Court dismiss Plaintiff's retaliation claim against Defendant Torrey for failing to return Plaintiff to the vegan cook job assignment after he was found not guilty on the misconduct ticket. Plaintiff, however, completely fails to address the Magistrate Judge's analysis of this claim. The

2

problem was that another inmate was already hired for the vegan cook position; therefore, Plaintiff was reassigned to a server position and then reassigned to the kosher cook position two weeks later. Plaintiff received full back pay for the hours he missed, and his new job assignment paid the same rate. The Magistrate Judge determined that Plaintiff failed to show how the failure to return Plaintiff to the vegan cook position was adverse (ECF No. 95 at PageID.714). The Magistrate Judge also found that there was no evidence that the failure was motivated by retaliation (*id.* at PageID.714-715). Plaintiff's citation to the MDOC Policy, which states that a prisoner *may* be returned to the same job assignment, MDOC Policy Directive 05.01.100 ¶JJ, does not alter the Magistrate Judge's analysis. Accordingly, Plaintiff's second objection is denied.[2]

Plaintiff's third objection relates to his final retaliation claim. The Magistrate Judge recommended that the Court deny Defendant's summary judgment with respect to this claim (ECF No. 95 at PageID.716-717). Therefore, this Court need not address the objection.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 96) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 95) is APPROVED and ADOPTED as the Opinion of the Court.

---

[2] The parties also debate whether Defendant Torrey had the authority to return Plaintiff to the vegan cook assignment. The MDOC Policy states that the classified director has the authority to make this decision. MDOC Policy Directive 05.01.100 ¶JJ. Plaintiff cites *Rogers v. Ruiz-Ojeda*, No. 2:18-cv-00115, 2021 U.S. Dist. LEXIS 33622, at *11 (W.D. Mich. Jan. 26, 2021), in which the Court determined that a corrections officer "certainly had input into those decisions" because the corrections officer wrote in a CSJ-363 that he would not be willing to take Plaintiff back at his previous job and he recommended Plaintiff for termination. No such facts exist in this case.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 83) is GRANTED IN PART and DENIED IN PART. Plaintiff's claims against Defendants in their official capacities and the claims against Defendant Torrey based on the November 2, 2018 misconduct ticket, the failure to return Plaintiff to his vegan cook position, and the July 2019 negative CSJ-363 evaluation are DISMISSED WITH PREJUDICE.

This case will proceed on Plaintiff's claim against Defendants Torrey and VanWyck based on the August 21, 2019 misconduct ticket.


Dated:  March 3, 2022                                             /s/ Janet T. Neff
                                                                 JANET T. NEFF
                                                                 United States District Judge